Chase A. Adams (#15080)
ADAMS LAW PLLC
765 East 9000 South Suite A-1
Sandy, UT 84094
Telephone: 801-810-1815
Facsimile: 801-562-5599
Email: chase@adamslaw.legal

Attorneys for HLS of Nevada, LLC

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH NORTHERN DIVISION

| In Re: | Bankruptcy Case No. 18-26748 |
|---|---|
| **Brandon Troye Wise and Lynsie Shantell Wise** | **(Chapter 13)** |
| Debtors. | **Judge Kevin R. Anderson** |

**OBJECTION TO DEBTORS CHAPTER 13 PLAN FILED SEPTEMBER 10, 2018**

HLS of Nevada, LLC dba Nevada West Financial ("HLS"), by and through the undersigned counsel, Chase A. Adams of Adams Law PLLC., hereby objects to the Debtors Chapter 13 Plan dated September 10, 2018, upon the following grounds and for the following reasons:

1.  HLS, is a perfected, secured creditor, having a lien on a 2014 Dodge Charger 2C3CDXBG2EH130048 ("Collateral"). Pursuant to a Retail Installment Contract and Security Agreement ("Note") between HLS and the Debtors dated March 28, 2015, a copy of the note and title are attached hereto and incorporated herein as Exhibit "A" and Exhibit "B" The outstanding obligation owed to HLS, Inc. is $12,331.53, together with interest at the contract rate of 24.99 % percent ("Contract Rate"), costs and attorney fees as provided for in the Note.

2.  HLS intends to hold Debtor and Debtor's estate liable for this amount, together

1

with interest, costs and fees as per the contract, if applicable, and accordingly makes demand upon the Debtors' estate for $12,331.53 plus interest, costs and fees.

3. HLS does not accept Debtors' Chapter 13 Plan dated September 10, 2018.

4. Debtors' Chapter 13 Plan does not propose to surrender the Collateral.

5. The value of property to be distributed under debtor's proposed plan to HLS is less than the allowed amount of HLS's claim.

6. Debtors' claim the secured value of the Collateral to be $12,000.00

7. Debtors' Plan proposes to pay interest of 3.50 percent on the secured portion. HLS objects to this interest rate as the *Till* rate is 8.0 percent. Debtor's Plan should pay HLS its secured claim at the Contract Rate.

8. To the extent Debtors allege the Collateral is worth less than HLS states in paragraph 2, HLS requests the Debtors produce an appraisal.

9. To the extent Debtors allege the Collateral is damaged or in need of repair, HLS requests that the debtors produce a copy of any invoices, estimates of repair, accident or claims reports, or other documents evidencing the damage or repair.

WHEREFORE, HLS objects to Debtors' Plan, and requests that confirmation be denied unless the Debtors' pay $12,331.53 as the secured portion of HLS's claim, together with interest at the Contract Rate, costs and attorney fees as provided by contract and production of the requested documents and collateral as set forth herein.

DATED October 26, 2018.

                                              **ADAMS LAW PLLC**

                                              **  s/ Chase A. Adams**
                                              **Attorney for HLS**

CERTIFICATE OF SERVICE

I, Chase A. Adams, attorney for HLS, hereby certify that on October 26, 2018, I served a copy of the foregoing **OBJECTION TO DEBTORS CHAPTER 13 PLAN DATED SEPTEMBER 10, 2018** upon the following by first class mail, postage prepaid; or by filing this pleading electronically as an ECF registered attorney of the United States District Court, I caused the same to be served via ECF.

    Lon A. Jenkins
    (VIA ECF)


    Brian Wurtz
    (VIA ECF)


    Brandon Wise
    Lynsie Wise
    133 E Street
    Helper, UT 84526


                                    *Is/* Chase A. Adams

# EXHIBIT A

**EXHIBIT A**

# UTAH CERTIFICATE OF TITLE

## Duplicate Title



**Title Number:** UT002517991

**Vehicle Type:** TRUCK  **Year:** 2010  **Make:** NISS  **Model:** TITAN XE/SE/LE/  **Body Style:** CLUB CAB
**VIN/HIN:** 1N6AA0CC6AN314521   **2nd VIN:**      **3rd VIN:**
**Cylinders:** 8   **Fuel:** GASOLINE   **Odometer:** 82,701   **Date Issued:** 08/18/2016

NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS NV  89193-4703

**Owner Information:** BRANDON T WISE OR LYNSIE WISE
133 E ST
HELPER UT  84526-1203

**Lienholder Information:** NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS NV  89193-4703

ODOMETER READING REFLECTS THE ACTUAL MILEAGE

### Request For Lien Change
Complete this section. Send the title and required fee to the Division of Motor Vehicles. Please check one box.

☐ Issue a title free of liens    ☐ Issue a title showing the following as the NEW LIEN HOLDER

| LIEN RELEASE - Signature of lien holder (releasing interest) | Vehicle owner's signature requesting lien change |
|---|---|
| X | |
| Title of signer | New lien holder's name |
| Date | Address |
| | City    State    ZIP Code |

Division of Motor Vehicles
**UTAH STATE TAX COMMISSION**
210 North 1950 West
Salt Lake City, Utah  84134

  TC-127 Rev. 01/13 CDR



B 9873116

ANY ALTERATION OR ERASURE VOIDS THIS TITLE

# EXHIBIT B

UT-102 10/31/2010

# Retail Installment Contract and Security Agreement

Seller Name and Address

Buyer(s) Name(s) and Address(es)

Summary
No.
Date

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate
The cost of your credit as a yearly rate. | Finance Charge
The dollar amount the credit will cost you. | Amount Financed
The amount of credit provided to you or on your behalf. | Total of Payments
The amount you will have paid when you have made all scheduled payments. | Total Sale Price
The total cost of your purchase on credit, including your down payment of $ |
|---|---|---|---|---|
| 21.99 % | $ 20,422.87 | $ 21,291.05 | $ 41,713.92 | $ |

**Payment Schedule.** Your payment schedule is:

No. of Payments    Amount of Payments    When Payments are Due

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the greater of 5% of the unpaid amount of the payment due or $30.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2010 | NISSAN | TITAN | | | |

☐ New
☒ Used
☐ Demo

Other:

## Description of Trade-In

maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 21.99 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-In-Lending Disclosure. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the Itemization of Amount Financed.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ Additional Charge. You agree to pay an additional charge of $ N/A that will be ☐ paid in cash. ☐ financed over the term of the Contract.

## Itemization of Amount Financed

a. Cash Price of Vehicle, etc. (incl. sales tax of $1,421.05 )    $ 21,921
b. Trade-in allowance    $
c. Less: Amount owing, paid to (includes k): N/A    $
d. Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k)    $
e. Cash payment    $
f. Manufacturer's rebate    $
g. Deferred down payment    $
h. Other down payment (describe) N/A    $
i. Down Payment (d+e+f+g+h)    $
j. Unpaid balance of Cash Price (a-i)    $
k. Financed trade-in balance (see line d)    $
l. Paid to public officials, including filing fees    $
m. Insurance premiums paid to insurance company(ies)    $
n. Service Contract, paid to:
Document Fee    $
GAP INS.    $
q.    $
r.    $
s.    $
t.    $
u.    $
v. Total Other Charges/Amts Paid (k thru u)    $
w. Prepaid Finance Charge    $
x. Amount Financed (j+v-w)    $

We may retain or receive a portion of any amounts paid to others.

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Service Contract
Term
Price    $
Coverage

☐ Gap Waiver or Gap Coverage
Term
Price    $
Coverage

☐
Term
Price    $
Coverage

By: _____ Date
By: _____ Date

## Insurance Disclosures

Credit Insurance. Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages

By: _____ Date

### Description of Trade-In

### Itemization of Amount Financed

a. **Cash Price** of Vehicle, etc. (incl. sales tax of $1,121.05 )   $ _____
b. Trade-in allowance   $ _____
c. Less: Amount owing, paid to (includes k): N/A   $ _____
d. Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k)   $ _____
e. Cash payment   $ _____
f. Manufacturer's rebate   $ _____
g. Deferred down payment   $ _____
h. Other down payment (describe) N/A   $ _____
i. **Down Payment** (d+e+f+g+h)   $ _____
j. **Unpaid balance of Cash Price** (a-i)   $ _____
k. Financed trade-in balance (see line d)   $ _____
l. Paid to public officials, including filing fees   $ _____
m. Insurance premiums paid to insurance company(ies)   $ _____
n. Service Contract, paid to: _____   $ _____
o. _____   $ 239.00
p. _____   $ 765.00
q. _____   $ N/A
r. _____   $ _____
s. _____   $ _____
t. _____   $ _____
u. _____   $ _____
v. **Total Other Charges/Amts Paid** (k thru u)   $ _____
w. Prepaid Finance Charge   $ _____
x. **Amount Financed** (j+v-w)   $ _____

We may retain or receive a portion of any amounts paid to others.

### Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint [x] None
Premium $ N/A   Term N/A
Insured _____

**Credit Disability**
☐ Single  ☐ Joint  ☐ None
Premium $ N/A   Term _____
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____   DOB _____
By: _____   DOB _____
By: _____   DOB _____

**Property Insurance.** You must insure the Property. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A , if you get insurance from or through us you will pay $ _____ for _____ of coverage. N/A

This premium is calculated as follows:
☐ $ N/A   Deductible, Collision Cov. $ N/A
☐ $ _____   Deductible, Comprehensive $ N/A
☐ Fire-Theft and Combined Additional Cov. $ N/A
☐ _____   $ N/A

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for _____ of coverage.

---

maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at _____% per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.
☐ **Additional Charge.** You agree to pay an additional charge of $ N/A that will be ☐ paid in cash. ☐ financed over the term of the Contract.

### Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term _____
Price $ _____
Coverage _____

☐ **Gap Waiver or Gap Coverage**
Term _____
Price $ _____
Coverage _____

☐ _____
Term _____
Price $ N/A
Coverage _____

By: *[signature]*   Date _____
By: *[signature]*   Date _____
By: _____   Date _____

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: *[signature]*   Date _____
By: *[signature]*   Date _____
By: _____   Date _____

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer
By: *[signature]*   Date _____
By: *[signature]*   Date _____
By: _____   Date _____

Seller
By: *[signature]*   Date _____

*This instrument is hypothecated to California Republic Bank*

We may retain or receive a portion of any amounts paid by others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**
☐ Single ☐ Joint ☒ None
Premium $ N/A    Term N/A
Insured N/A

**Credit Disability**
☐ Single ☐ Joint ☒ None
Premium $ N/A    Term N/A
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _____ DOB _____

By: _____ DOB _____

By: _____ DOB _____

**Property Insurance.** You must insure the Property. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed

$ N/A . If you get insurance from or through us you will pay
$ _____ for _____ of coverage. N/A

This premium is calculated as follows:
☐ $ N/A Deductible, Collision Cov. $ N/A
☐ $ N/A Deductible, Comprehensive $ N/A
☐ Fire-Theft and Combined Additional Cov. $ N/A
☐ N/A $ N/A

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ 2,291.05 plus finance charges accruing on the unpaid balance at the rate of 24.99 % per year from the date of this Contract until maturity. Finance charges accrue on a _____ day basis. After

**Assignment.** This Contract and Security Agreement is assigned to _____, the Assignee, phone _____. This assignment is made ☐ under the terms of a separate agreement made between the Seller and Assignee. ☐ under the terms of the *Assignment by Seller* section on page 2. ☐ This Assignment is made with recourse.

Seller _____
By: _____ Date

---

By: _____ Date

By: _____ Date

### Signature Notices

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: [signature] Date
By: [signature - Lynsie Wise] Date
By: _____ Date

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer
By: [signature] Date
By: [signature - Lynsie Wise] Date
By: _____ Date

Seller
By: [signature] Date

This instrument is hypothecated to California Republic Bank as collateral for borrowing of HLS [This area intentionally left blank.]
Nevada West Financial

NEVADA WEST FINANCIAL
P.O. BOX 94703
LAS VEGAS, NV 89193

Seller
By: [signature] Date

---

Retail Installment Contract-UT Not for use in transactions secured by a dwelling
Bankers Systems™ - New Car Dealers of Utah
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLF-UT 10/31/2010
Page 1 of 2

Original

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the Description of Property section. "Property" means the Vehicle and all other property described in the Description of Property and Additional Protections sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the Description of Property section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "Total Sale Price" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the Truth-In-Lending Disclosure assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**CLASS ACTION WAIVER: YOU AGREE THAT YOU WAIVE YOUR RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION RELATED TO THIS CONTRACT.**

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due on terms no less favorable than what we then offer to the general public if we are offering this type of credit and you are creditworthy.

**Returned Payment Charge.** If you make any payment by check required by this Contract that is dishonored (and not honored if we represent it) then you agree to pay us a service charge of $20.00; additional fees may be imposed as provided by law.

If you have scheduled any other form of payment (electronic transfer, for example) and that payment is dishonored, you agree to pay us a service charge of $20.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Utah and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay our reasonable attorneys' fees after default (including an attorney who is a salaried employee of ours or our assignee).

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the Payment section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

## Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

## Third Party Agreement

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the Description of Property section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

_____

By:                                                    Date

## Assignment by Seller

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract.

(Separate Agreement. If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

- This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
- The statements contained in this Contract are true and correct.
- The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
- This sale was completed in accordance with all applicable federal and state laws and regulations.
- This Contract is valid and enforceable in accordance with its terms.
- The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
- This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
- A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
- The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
- Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of nonpayment or nonperformance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compromise or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

**Unless otherwise indicated on page 1, this Assignment is without recourse.**

**With recourse.** If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay our reasonable attorneys' fees after default (including an attorney who is a salaried employee of ours or our assignee).

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

This sale was completed in accordance with all applicable federal and state laws and regulations, and this Contract is enforceable in accordance with its terms.

- The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
- This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
- A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
- The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
- Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of nonpayment or nonperformance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compromise or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

**Unless otherwise indicated on page 1, this Assignment is without recourse.**

**With recourse.** If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

of the Property. [illegible] agreed to [illegible] possession will [illegible] as [illegible]
our records, at least 10 days before the date of the intended sale or transfer (or such
other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.